# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**KENNETH JOHN PACHINGER,**<br><br>Defendant. | Criminal Action No. 7:02-cr-11(HL) |

## ORDER

Before the Court is Kenneth John Pachinger's Motion for Relief from a Final Order and Judgment (Doc. 191). For the reasons stated below, Pachinger's Motion is denied.

In 2003, Kenneth John Pachinger plead guilty to distribution of cocaine, heroin, and marijuana to a person under the age of 21 years of age, in violation of 21 U.S.C. §§ 841(a)(1), 859(a), and sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and was sentenced to 145 months in prison. Pachinger directly appealed the judgment (Doc. 103), which was affirmed by the Eleventh Circuit in 2005 (Doc. 117), and he has also appealed his judgment via a § 2255 Motion to Vacate (Doc. 123). In his § 2255 motion, Pachinger claimed that his sentenced should be vacated for four reasons: (1) his conviction violated the Fifth and Sixth Amendments because he had not offered his guilty plea knowingly, intelligently, and voluntarily; (2) his conviction was based on an unconstitutional

congressional enactment and the district court did not have proper jurisdiction to impose a sentence; (3) he had a liberty interest in receiving another sentence; and (4) he received ineffective assistance of counsel. On June 22, 2006, Magistrate Judge G. Mallon Faircloth wrote a Report and Recommendation recommending that Pachinger's § 2255 Motion to Vacate be denied (Doc. 143), and on November 17, 2006, District Court Judge Ashley Royal adopted the recommendation (Doc. 147). The district court and Eleventh Circuit both denied a certificate of appealability on December 1, 2006 and April 19, 2007, respectively.

Now, in his Motion for Relief from Judgment, Pachinger asks that his conviction be vacated on the grounds that he was denied his right to the effective assistance of counsel in violation of the Sixth Amendment. Pachinger claims that his lawyer misinformed him about the requirement that he register as a sex offender following his plea of guilty to violating of 21 U.S.C. §2241(a), sexual exploitation of a child. Pachinger claims that if he had known about the offender registration requirements, he would not have pled guilty, and this misinformation by his attorney constitutes ineffective assistance of counsel that warrants vacating his sentence.

Pachinger's motion is filed under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides that a Court may relieve a party from judgment in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. FED. R. CIV. P. 60(b)(1)-(5). The catchall provision of Rule 60(b)

2

authorizes relief from judgment based on "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Rule 60(b) functions as a rule of civil procedure that allows a petitioner in a habeas case to attack "some defect in the integrity of the federal habeas proceedings." Gonzales v. Crosby, 545 U.S. 524, 532 (2008). However, it cannot be used "to evade the second or successive petition bar contained in 28 U.S.C. 2244(b) by … attacking the federal court's previous rejection of a claim on the merits." Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (citing Gonazales, 545 U.S. at 532).

In this case, instead of seeking appropriate relief under Rule 60(b), Pachinger's motion is a disguised attempt to appeal the judgment of the court on his § 2255 motion. A claim of ineffective assistance of counsel is appropriate in a § 2255 motion, and was, in fact, argued by Pachinger in his previous § 2255 motion. An argument about the effectiveness of counsel is not appropriate in a 60(b) motion and will not be reviewed further by this Court. Thus, the Motion to Vacate under Rule 60(b) (Doc. 191) is denied.

**SO ORDERED**, this 17th day of August, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr