# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Case No. 7:02-CR-11 (HL) |
| **KENNETH JOHN PACHINGER,** | |
| Respondent. | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge (Doc. 215) on Petitioner Kenneth John Pachinger's Motion Pursuant to § 2255 (Doc. 211). For the reasons stated below, the Recommendation is adopted and made order of the Court and the case is dismissed.

### I. BACKGROUND

In 2003, Kenneth John Pachinger plead guilty to distribution of cocaine, heroin, and marijuana to a person under the age of 21 years of age in violation of 21 U.S.C. §§ 841(a)(1), 859(a), and sexual exploitation of a child in violation of 18 U.S.C. § 2251(a). He was sentenced to 145 months in prison. Pachinger directly appealed the judgment (Doc. 103), which was affirmed by the Eleventh Circuit in 2005 (Doc. 117), and he has also appealed his judgment via a § 2255 Motion to Vacate (Doc. 123). In his § 2255 motion, Pachinger claimed that his sentence should be vacated for four reasons: (1) his conviction violated the Fifth

and Sixth Amendments because he had not offered his guilty plea knowingly, intelligently, and voluntarily; (2) his conviction was based on an unconstitutional congressional enactment and the district court did not have proper jurisdiction to impose a sentence; (3) he had a liberty interest in receiving another sentence; and (4) he received ineffective assistance of counsel. On June 22, 2006, Magistrate Judge G. Mallon Faircloth wrote a Report and Recommendation recommending that Pachinger's § 2255 Motion to Vacate be denied (Doc. 143), and on November 17, 2006, District Court Judge Ashley Royal adopted the recommendation (Doc. 147). The district court and Eleventh Circuit both denied a certificate of appealability on December 1, 2006 and April 19, 2007, respectively.

In August 2012, this Court denied a Rule 60(b) Motion filed by Petitioner, finding that the 60(b) Motion was a disguised attempt to file a successive § 2255 motion. (Doc. 195.) Petitioner appealed this judgment to the Eleventh Circuit (Doc. 196). The Eleventh Circuit dismissed the appeal for want of prosecution. (Doc. 208).

Petitioner then filed several additional motions attacking the validity of the judgment entered against him. These motions included a Motion to Modify the Conditions of Release (Doc. 188), a Motion for Liberal Construction and the Appointment of Counsel (Doc. 194), a Motion for Writ of *Audita Querela* (Doc. 197), and a Motion for Clarification of Terms of Supervised Release (Doc. 205). This Court denied all of those Motions (Doc. 209) and Petitioner filed an appeal (Doc. 210).

2

Petitioner then filed a second § 2255 Motion, the subject of this Order, and in his Motion, he claims ineffective assistance of counsel. Petitioner asserts in this most recent motion that he was not properly informed by counsel when he signed his plea agreement that he would be required to register as a sex offender upon his release from prison. Petitioner claims that had he known about this condition, he would not have pled guilty. In his Report and Recommendation, Magistrate Judge Thomas Q. Langstaff recommended that the Motion be dismissed as successive. (Doc. 215.)

II. **DISCUSSION**

A § 2255 motion is considered successive if the facts supporting the claim existed when the first § 2255 motion was filed. Stewart v. United States, 646 F.3d 856, 863 (11th Cir. 2011). Any attempt to relitigate a § 2255 claim that could have been raised earlier will be barred as successive. However, under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a district court can consider a second or successive § 2255 motion when a movant first receives an order from the United States court of appeals authorizing the district court to review the successive motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); *see also* 28 U.S.C. § 2255(h). A court of appeals is authorized to certify a second § 2255 motion if the motion contains newly discovered evidence that establishes the petitioner's innocence or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, which was previously

unavailable." United States v. Bell, 447 Fed. App'x. 116, 118 (11th Cir. 2011) (quoting 28 U.S.C. § 2255(h)).

In this case, the Court finds that Petitioner's claim is successive because it stems from the same claim that he alleged in his first § 2255 motion. Both his first and second § 2255 motions allege ineffective assistance of counsel. The motions raise the same basic legal claims, even if the arguments are expressed in different ways. Petitioner's first § 2255 motion argued that counsel was ineffective based on the failure to advise Petitioner that the fine associated with his conviction was the minimum statutory penalty for certain offenses to which he pled guilty. His second § 2255 motion argues that his counsel was ineffective based on the failure to inform him of the requirement that he register as a sex offender. The argument may be different, but the basic claim – ineffective assistance of counsel – is the same.

In his objection to the recommendation (Doc. 216), Petitioner argues that his § 2255 is not successive based on Stewart v. United States, 646 F.3d 856 (11th Cir. 2011). In Stewart, the Eleventh Circuit does make a small exception for some successive § 2255 motions which can be heard without prior authorization from an appellate court. Under that exception, a § 2255 motion arising from the vacatur or expungement of state convictions will not be considered second or successive under AEDPA. However, the present case differs from Stewart because Petitioner did not have any state convictions recently vacated that would affect his federal sentence. Thus, Stewart does not apply.

4

Based on the reasoning above, the Court finds that Petitioner's second § 2255 motion is successive. There is no evidence on the record that Petitioner has obtained the proper authorization from the court of appeals permitting a second § 2255, and therefore, this Court does not have jurisdiction over the motion. See <u>Santa v. United States</u>, 492 Fed. App'x. 949, 950 (11th Cir. 2012) (citing 28 U.S.C. § 2244(b)(3)(A)).

The recommendation of the Magistrate Judge is adopted and the case is dismissed. If Petitioner wishes to pursue a second § 2255 in district court, he is ordered to first obtain proper authorization from the court of appeals.

**SO ORDERED**, this 25th day of April, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr